# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DM ARBOR COURT, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1884 |
| | § | |
| THE CITY OF HOUSTON, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On November 13, 2019, this court entered an amended memorandum opinion and order (Dkt. 79) and an amended final judgment (Dkt. 80) dismissing Arbor Court's claims for lack of subject matter jurisdiction because they are unripe. Pending before the court is defendant City of Houston's ("the City") motion to correct pursuant to Federal Rule of Civil Procedure 60(a) (Dkt. 81), plaintiff DM Arbor Court, Ltd.'s ("Arbor Court") response (Dkt. 84), and the City's reply to Arbor Court's response (Dkt. 85). Also pending is Arbor Court's motion to amend pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. 82), the City's response (Dkt. 86[1]), and Arbor Court's reply to the City's response (Dkt. 87). Having considered the pleadings, the record, and the applicable law, the court finds that the City's motion to correct pursuant to Rule 60(a) (Dkt. 81) is properly construed as a motion to amend under Rule 59(e), and should be **GRANTED**, while Arbor Court's motion to amend (Dkt. 82) should be **DENIED**. Accordingly, the court **VACATES** its November 13, 2019 memorandum opinion and order. Dkt. 79.

---

[1] The City's reply (Dkt. 85) in support of its own motion to correct, and the City's response (Dkt. 86) to Arbor Court's motion to amend are identical documents. For efficiency's sake, the Court will cite only to the City's reply (Dkt. 85).

## I. THE CITY'S MOTION TO CORRECT

The City contends that "certain portions of the City's Ordinance were misquoted in three sentences in the Amended Memorandum Opinion & Order," and asks this court to correct what the City believes are "'clerical mistakes'" under Rule 60(a). Dkt. 81 ¶¶ 2, 4. In conjunction with its motion, the City originally suggested revisions to the court's order (Dkt. 80), which it has since withdrawn. *See* Dkt. 85 at 5. Arbor Court opposes the City's request because it contends that the "imposition of such an added layer of appeals to be exhausted by Plaintiff as a condition to establishing the ripeness of Plaintiff's claims substantially impairs Plaintiff's rights and burdens." Dkt. 84 at 7. Both parties' arguments miss the mark.

"To be correctable under Rule 60(a), the 'mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193–94 (5th Cir. 2011) (quoting *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984) (per curiam)). Had the court actually "misquoted" the City's ordinance, then Rule 60(a) would be the appropriate rule. However, the court's quotations themselves were not incorrect; rather, the court quoted from a different version of the ordinance than the one in effect at the time Arbor Court's permits were denied. Stated differently, the court misidentified the correct ordinance, which is a mistake not covered by Rule 60(a).[2] However, the

---

[2] The court made this mistake because it relied on the online searchable text-based Code of Ordinances provided on the City's website at https://www.houstontx.gov/codes/ (last accessed Dec. 19, 2019). The court selected the online version of the code purportedly current as of June 18, 2018. *See* Code of Ordinances, City of Houston, Tex., codified through Ordinance No. 2018-421, adopted May 23, 2018 (Supp. No. 84, Update 2, online content updated on Jun. 18, 2018), https://library.municode.com/tx/houston/codes/code_of_ordinances/322897. However, the court now recognizes that it was error to rely on this website, as the website incorrectly reflects as being current as of June 18, 2018, the version of the ordinance signed into law on April 4, 2018, but not effective until September 1, 2018. *See* Houston, Tex., Ordinance 2018-258 (Apr. 4, 2018).

court's error can and should be corrected under Rule 59(e). *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) ("Rule 59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"). Accordingly, the court will amend its order to reflect the ordinance (and appeal process) in effect at the time the permits were denied.

Contrary to Arbor Court's contentions, amending the order to reflect the applicable version of the ordinance will not impair Arbor Court's rights and burdens. *See* Dkt. 84 at 7. Arbor Court's rights are the same now as they were on July 17, 2018, when the permits were denied. And its rights remained the same on September 18, 2019, when the court issued its first order because Arbor Court had failed to undertake any appeal whatsoever. Dkt. 69 at 5–6. And its rights continued to be the same on November 13, 2019, when the court amended its order, and Arbor Court's appeal to the General Appeals Board—filed 454 days after the City denied its permits—was less than a month old. Dkt. 79 at 5 & n.5. The applicable version of the ordinance has always said the same thing, so Arbor Court's rights are unchanged.

Although the court shares Arbor Court's confusion (*see id.* at 2 n.1) as to why the City has waited until now to move to correct the court's error—since the court's misidentification of the applicable version of the ordinance was obvious from the court's *first* order (Dkt. 69)—the City's dilatoriness is not grounds for the court to refuse to correct its own mistake. This is particularly true since it is clear from both the court's first order and the amended order that it was always the court's intention to select the version of the ordinance in effect at the time the permits were denied on July 17, 2018. *See* Dkt. 69 at 8 n.6 ("This is the version of the ordinance in place at the time of the July 17, 2018 denial letter."); Dkt. 79 at 9 n.10 (same). Again, the applicable ordinance never changed, the court simply misidentified the correct version.

Moreover, Arbor Court has always known which version the City contends applied at the time the permits were denied because the City attached that version (Dkt. 26-4[3]) to its motion to dismiss. *See* Dkt. 26 at 2 n.3. The City stated that the ordinance "provides administrative remedies for the denial of permits." Dkt. 26 at 5. The City even cited Section 19-23(g)—the provision that Arbor Court claims would impose an added layer of appeal (Dkt. 84 at 7)—in its motion to dismiss Arbor Court's second amended complaint. Dkt. 26 at 10 (quoting Ordinance, art. II, § 19-23(g)). Thus, Arbor Court's contention that "[t]he City has never argued that beyond the General Appeals Board, there is yet another administrative exhaustion requirement Plaintiff must satisfy before its claims become ripe," is without merit. Dkt. 84 at 4. Arbor Court has always been on notice that the version of the ordinance that the City contends applied at the time of the July 17, 2018 permit denial provides a mechanism for Arbor Court to appeal the General Appeals Board's decision to the City Council, if necessary. Therefore, the court will amend its order to reflect the correct version of the ordinance, and to identify the correct final decision-making authority: the City Council.

## II. ARBOR COURT'S MOTION TO AMEND

Arbor Court moves to amend the court's final judgment (Dkt. 80) "pursuant to Rule 59, Fed. R. Civ. P. and/or the All Writs Act." Dkt. 82 at 1. "'Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a

---

[3] After claiming that "[t]he City has not provided the Court with a copy of its 2018 Chapter 19" (Dkt. 84 at 6), Arbor Court attached the very version of the ordinance that the City attached to its motion to dismiss on November 14, 2018. *Compare* Dkt. 26-4, *with* Dkt. 84-1 at 11–36. Not only are these two documents the same version of the ordinance, both documents include the same August 13, 2018 certification of Anna Russell. *Compare* Dkt. 26-4 at 26, *with* Dkt. 84-1 at 36. Accordingly, Arbor Court's assertion that the City did not provide the court with the ordinance is false. The court reminds counsel that they bear an ongoing duty of candor toward the tribunal. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.03(a)(1).

manifest error of law or fact.'" *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). Arbor Court "seeks partial reconsideration and an amendment or alteration to the judgment **to correct what Plaintiff asserts is an incorrectly found fact** that dismissal while Plaintiff pursues an administrative appeal is not futile or a hardship." Dkt. 82 at 6 (emphasis added). By Arbor Court's own admission, it seeks to relitigate this court's ripeness finding. The proper avenue for that argument is appeal, not a Rule 59(e) motion.

To the extent that Arbor Court's submission of voluminous post-judgment correspondence between its counsel and the City's counsel is intended to present "newly discovered evidence that was previously unavailable" demonstrating futility—*Alexander*, 867 F.3d at 597—the court is unpersuaded.[4] Arbor Court cannot wait 454 days to pursue any kind of appeal whatsoever, refuse to follow the City's procedures for processing said appeal, and then claim that "*any* appeal process" is patently futile when less than three months have passed. The court finds that the materials submitted by Arbor Court (Dkts. 82-1, 83-1, 84-1) demonstrate nothing more than Arbor Court's

---

[4] The court expresses no opinion on how Arbor Court chooses to pursue its appeal(s) to the General Appeals Board and, if necessary, the City Council. Nor does the court express any opinion on the belief of Arbor Court's counsel for its appeal(s)—who happens to be the same counsel in this litigation—that said appeal must be pursued through the City Attorney's office in conjunction with Houston Public Works because all of Houston Public Works is represented by the City Attorney's office. *See* Dkt. 84-1 at 5. However, the court notes that the City Attorney's office gave its consent for Arbor Court's counsel to contact Houston Public Works directly *at least* as early as November 26, 2019. *See* Dkt. 84-1 at 6. Such consent is all that is required under the Texas Disciplinary Rules of Professional Conduct. *See* Rule 4.02(a) ("In representing a client, a lawyer shall not communicate . . . with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, *unless the lawyer has the consent of the other lawyer . . . to do so*."). As the City Attorney's office has stated to Arbor Court's counsel: "the Legal Department doesn't process these requests." Dkt. 84-1 at 1. Accordingly, the City Attorney's responsiveness (or lack thereof) to Arbor Court's inquiries about whether, when, and how its appeals are being processed by Houston Public Works is not evidence of futility.

refusal to follow the City's internal procedures with respect to its appeal to the General Appeals Board in the first instance. Such internal procedures are commonplace in most organizations, including this court, which has its own local rules. That the City has internal procedures for processing floodplain variance requests (Dkt. 82-1 at 50–51) and appeals to the General Appeals Board (Dkt. 84-1 at 9–10) that are not reflected in the City's ordinances does not mean that "*any* appeal process . . . is either unavailable or that pursuit of the same is patently futile such that Plaintiff need not engage in further exhaustion efforts in order to assert its claims, judicially." Dkt. 84 at 9. Accordingly, Arbor Court's claims remain unripe. Regarding Arbor Court's requested mandamus relief, this court declines "to invoke the All Writs Statute as a jurisdictional predicate because [Arbor Court's] claims are not ripe for judicial review and no extraordinary circumstances exist to justify application of the All Writs Statute in this case." *Henderson v. Office of Thrift Supervision, Dep't of Treasury*, 135 F.3d 356, 359 (5th Cir. 1998).

### III. CONCLUSION

For the reasons stated above, the court finds that the City's motion to correct pursuant to Rule 60(a) (Dkt. 81) is properly construed as a motion to amend under Rule 59(e), and should be **GRANTED**, while Arbor Court's motion to amend (Dkt. 82) should be **DENIED**. Accordingly, the court **VACATES** its November 13, 2019 memorandum opinion and order. Dkt. 79.

Signed at Houston, Texas on January 15, 2020.

_____
Gray H. Miller
Senior United States District Judge