United States District Court
Southern District of Texas
**ENTERED**
May 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DM ARBOR COURT, LTD., | § | |
| *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION H-18-1884 |
| THE CITY OF HOUSTON | § § § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is DM Arbor Court, Ltd.'s ("Arbor Court") motion for leave to file third amended complaint. Dkt. 103. The City of Houston ("the City") responded. Dkt. 104. Having considered the motion, response, and applicable law, the court is of the opinion that Arbor Court's motion should be GRANTED.

According to Federal Rule of Civil Procedure 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The court has discretion in determining whether to grant leave to amend and may consider "a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). However, "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy*, 660 F.2d at 598.

In its response to Arbor Court's motion, the City contends that Arbor Court's motion should be denied because its proposed amendments would be futile. Dkt. 104. "[D]enying leave for futility is permissive, not mandatory." *Quanah Servs., Inc. v. Sec. Bank*, No. 7:20-CV-00027-O, 2020 WL 6119910, at *3 (N.D. Tex. July 1, 2020). And the City may be correct that DM Arbor's new claims would be dismissed under Federal Rule of Civil Procedure 12(b), but

> [t]he court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer. Therefore, the court suggests no view regarding the merits of these claims, leaving that question to a decision in response to an appropriate motion.

*Poly-Am., Inc. v. Serrot Int'l Inc.*, No. CIV. A. 3:00-CV-1457, 2002 WL 206454, at *2 (N.D. Tex. Feb. 7, 2002); *see also, e.g.*, *Quanah*, 2020 WL 6119910, at *3 (same); *Harmon v. Chau Nguyen*, No. 3:14-CV-2038-D, 2015 WL 13861483, at *1 (N.D. Tex. May 13, 2015) (same); *Reneker v. Offill*, No. 3:08-CV-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) (same). Accordingly, Arbor Court's motion for leave to file third amended complaint is GRANTED.

Signed at Houston, Texas on May 18, 2021.

_____
Gray H. Miller
Senior United States District Judge