IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DM ARBOR COURT, LTD., | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 4:18-cv-01884 |
| | § | |
| THE CITY OF HOUSTON, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## SECOND CITY OF HOUSTON
## MOTION TO EXCLUDE TESTIMONY OF MS. MONICA HILTON SUSSMAN

Defendant City of Houston ("Houston") files this Second City of Houston Motion to Exclude Testimony of Ms. Monica Hilton Sussman ("Second Motion"). Houston moves to exclude her testimony under Rule 37. For the benefit of avoiding ambiguity, this Second Motion is procedurally unrelated to the City of Houston's Motion to Exclude Testimony of Ms. Monica Nixon (sic, should be "Hilton") Sussman (Dkt. 172).

## I.   SUMMARY OF THE ARGUMENT AND REVIEW STANDARD

1.      The Court should exclude Ms. Sussman's testimony because it is inadmissible. The Court of Appeals review the exclusion of expert testimony under an abuse of discretion standard. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998).

## II.    EVIDENCE

2.      The evidence in support of this Second Motion consists of the following documents:

Exh. A      Excerpts of Plaintiff's Fourth Supplemental Rule 26 Disclosures;

Exh. B       Mr. Chaiken's correspondence to the Court dated 4/5/2022 2:47 p.m.;

Exh. C       Mr. Chaiken's correspondence to the Court dated 4/5/2022 4:16 p.m.;

Exh. D       Correspondence between counsel dated 4/6/2022; and

Exh. E       Affidavit of Mark Hagood, process server, and subpoena.

## III.    FACTUAL BACKGROUND

3.      Plaintiff first designated Ms. Sussman as a fact witness in this case on February 14, 2022, even though her knowledge concerns information about claims first alleged by Plaintiff when the suit was filed almost four years ago.  Dkt. 1 at ¶¶ 15, 30, and Exhibit A at 2 (page 5 of the original document).  Per Plaintiff's Rule 26 disclosures:

> Ms. Sussman is a lawyer who focuses on affordable housing, Section 8, and  FHA multifamily programs. who represents developers and property owners in all types of affordable housing transactions and in the management of relationship with the U.S. Department of Housing and Urban Development.  Ms. Sussman has personal knowledge of the HUD 8bb transfer program requirements and prohibitions, how such transactions may be and are legally structured, and the impact of an approved transaction on former holders of HUD budget authority.  Ms. Sussman has personal knowledge concerning the abatement of the HUD Housing Assistance and Payment Contract at Arbor Court, the details of a HUD approved 8bb transfer, and the losses suffered by DM Arbor Court, Ltd. as a result of the same.

Exhibit A at 2.

## IV.    ARGUMENT AND AUTHORITIES

4.      Ms. Sussman's testimony is inadmissible because (1) the substance of her testimony is inadmissible, and (2) she was not properly disclosed in Plaintiff's Rule 26 disclosures, and the latter is extremely prejudicial to Houston.

**A.    Ms. Sussman's testimony is inadmissible.**

5.      Based on Plaintiff's Rule 26 disclosures, Ms. Sussman will testify as to legal matters, which is the province of the Court, and as to Plaintiff's alleged losses, which is a matter for an expert.  Neither of these topics are admissible testimony on her part.  Moreover, any facts

that she might have learned from her client is inadmissible hearsay on her part, unless they are admissions by the client, and any advice she might have given to her client will be subject to the client's potential claims of privilege.

6.      As to Ms. Sussman's expert witness testimony, the cut off designation date for experts was December 3, 2021, and Plaintiff designated her on February 14, 2022.  Dkt. 140; Exhibit A.  Her designation is untimely.  Moreover, Ms. Sussman did not provide a report, even though Plaintiff "reserves the right to require expert payments as required by rule."  Exhibit B. Even if she is a non-retained expert, Plaintiff failed to disclose the facts and opinions on which she is expected to testify.  As a sister federal district court held:

> Rule 26(a)(2)(C) creates a separate requirement that expert witnesses who do not provide a written report, such as treating physicians, must submit a disclosure stating (i) the subject matter on which the witness is expected to testify under Federal Rules of Evidence 702, 703, and 704, and (ii) the facts and opinions to which the witness is expected to testify. . . .
>
> Failure to comply with the deadline for disclosure requirements results in "mandatory and automatic" exclusion under Federal Rules of Civil Procedure Rule 37(c)(1), and the party is not allowed to use "that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

*Rea v. Wis. Coach Lines, Inc.*, No. 12–1252, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (footnotes and citations omitted) (citing Fed. R. Civ. P. 37(c)(1)).  Ms. Sussman has not provided a statement, let alone one that summarizes the "facts and opinions" that she will testify to.  *See* Exhibit A at 2.

7.      "Courts evaluate four factors to assess the nature of the omission in deciding whether to strike the testimony: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  *Id*. (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir.2007)).

8.      In this case, Plaintiff has provided no reason for Ms. Sussman's belated designation, despite the fact that her knowledge concerns information about claims first alleged by Plaintiff when the suit was filed almost four years ago.  Dkt. 1 at ¶¶ 15, 30.  Her testimony on Plaintiff's losses is not important because Plaintiff has already timely designated a damages expert (*i.e.*, Mr. Richard Marchitelli).  There is significant prejudice in allowing her testimony because Houston was never given an opportunity to designate its own expert with knowledge of the substance of her testimony.  In fact, three weeks before the end of the discovery period, Houston still does not know what she is going to say, and Plaintiff has made it as procedurally difficult as possible for Houston to take her deposition.  Dkt. 172.  Finally, discovery will close at the end of this month and trial is tentatively scheduled in June.  There is no time for Houston to cure the prejudice.

9.      For these reasons, Ms. Sussman's testimony should be excluded at trial.

**B.      Ms. Sussman was not properly disclosed.**

10.      Moreover, Plaintiff has not properly provided a valid address for Ms. Sussman and, as a result, her testimony is inadmissible at trial.  Fed. R. Civ. P. 37(c)(1).

11.      Plaintiff's Rule 26 disclosures provide a Washington D.C. address for Ms. Sussman.  Exhibit A at 2.  In fact, by Plaintiff's counsel's own admission, "Ms. Sussman is in Florida" and she "has been working remotely for months outside of Washington, and that she will continue to do so until sometime in June."  Exhibits B and C.

12.      Houston asked Plaintiff's counsel to provide a correct address for Ms. Sussman, but counsel refused, claiming that "I don't understand what you are asking for. You have her address in the disclosures.  There is nothing to update.  Please stop playing games Pierre."  Exhibit D.

13.     Houston attempted to serve a deposition subpoena at Ms. Sussman's Washington D.C. address, but her employer, the law firm of Nixon Peabody, refused to accept service. Exhibit E.

14.     Rule 37(c)(1) states that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

15.     In this case, the failure to provide information about Ms. Sussman was neither justified nor harmless because it was part of a pattern to prevent Houston from deposing her, and to surprise Houston with her testimony at trial.  *See* Dkt. 172.

## V.      CONCLUSION AND PRAYER

For the reasons stated above, the City of Houston moves this Court to exclude the testimony of Ms. Sussman in this case, and to grant Houston any and all such other and further relief, whether at law or in equity, to which the City of Houston, Texas may be justly entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**
SUZANNE R. CHAUVIN
Chief, General Litigation Section

By:      *s/ Pierre Grosdidier*
         Pierre Grosdidier
         Senior Assistant City Attorney
         **ATTORNEY-IN-CHARGE**
         Federal Id. No.: 893533
         State Bar No.: 24059866
         CITY OF HOUSTON LEGAL DEPARTMENT
         900 Bagby Street, 4th Floor
         Houston, Texas 77002
         832.393.6475 – Telephone
         832.393.6259 – Facsimile
         pierre.grosdidier@houstontx.gov

<u>Of Counsel:</u>
Lydia Zinkhan
Senior Assistant City Attorney
Federal Id. No.: 11882
State Bar No. 22277600
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby Street, 4th Floor
Houston, Texas 77002
832.393.6467 - Telephone
832.393.6259 - Facsimile
lydia.zinkhan@houstontx.gov

***Attorneys for Defendant, The City of Houston***

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022, I served all the attorneys of record with a true and correct copy of the foregoing document in accordance with *Rule 5(b) of the Federal Rules of Civil Procedure*.

Kenneth B. Chaiken
**ATTORNEY-IN-CHARGE**
Federal Id. No.: 21390
State Bar No.: 04057800
kchaiken@chaikenlaw.com
Robert L. Chaiken
Federal Id. No.: 23225
State Bar No.: 04057830
rchaiken@chaikenlaw.com
CHAIKEN & CHAIKEN, P.C.
5717 Legacy Dr., Suite 250
Plano, Texas 75024
214.265.0250 - Telephone
214.265.1537 - Facsimile

***Attorneys for Plaintiff,***
***DM Arbor Court, Ltd.***

<u>s/ *Pierre Grosdidier*</u>
Pierre Grosdidier

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on April 6, 2022, I conferred with Kenneth Chaiken, counsel for Plaintiff, and that he is opposed to the Second City of Houston Motion to Exclude the Testimony of Ms. Monica Hilton Sussman.

<u>s/ *Pierre Grosdidier*</u>
Pierre Grosdidier