1                    IN THE UNITED STATES DISTRICT COURT

2                   FOR THE SOUTHERN DISTRICT OF TEXAS

3                            HOUSTON DIVISION

4  DM ARBOR COURT, LTD.          §      CASE NO. 4:18-CV-1884
                                 §      HOUSTON, TEXAS
5  VERSUS                        §      MONDAY,
                                 §      APRIL 11, 2022
6  THE CITY OF HOUSTON, TEXAS    §      9:58 A.M. TO 10:29 A.M.

7                    MOTION CONFERENCE (VIA ZOOM)

8            BEFORE THE HONORABLE CHRISTINA A. BRYAN
                   UNITED STATES MAGISTRATE JUDGE

9

10

11

12  APPEARANCES:                         SEE NEXT PAGE

13  ELECTRONIC RECORDING OFFICER:        SHANNON HOLDEN

14  COURTROOM CLERK:                     MELISSA MORGAN

15

16

17

18

19

20                    TRANSCRIPTION SERVICE BY:

21            JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                   935 Eldridge Road, #144
22                 Sugar Land, TX 77478
                       281-277-5325
23            mary@judicialtranscribers.com

24
        Proceedings recorded by electronic sound recording;
25          transcript produced by transcription service.

1                    APPEARANCES (VIA ZOOM):

2

3   FOR THE PLAINTIFF:              CHAIKEN & CHAIKEN PC
                                    Kenneth Chaiken, Esq.
4                                   5801 Tennyson Parkway
                                    Suite 440
5                                   Plano, TX  75024

6

7

8   FOR THE DEFENDANT:             ATTORNEY AT LAW
                                    Pierre C. Grosdidier, Esq.
9                                   Lydia Zinkhan, Esq.
                                    900 Bagby, Fourth Floor
10                                  Houston, TX  77002

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      **HOUSTON, TEXAS; MONDAY, APRIL 11, 2022; 9:58 A.M.**

2           THE COURT:  Good morning, everyone.  This is Judge

3   Bryan.

4           MR. GROSDIDIER:  Good morning, Judge.

5           MS. ZINKHAN:  Morning.

6           MR. CHAIKEN:  Morning, Judge Bryan.

7           THE COURT:  All right.  I've reviewed the letters

8   that I've received.  Because we have a -- we have a court

9   reporter on the line, right, Melissa, Ms. Morgan?

10          THE CLERK:  Yes, ma'am, yes, Judge.

11          THE COURT:  Or an ERO, okay, great.

12          Counsel, announce your appearances, please.

13          MR. GROSDIDIER:  Pierre Grosdidier for the City of

14  Houston.

15          MS. ZINKHAN:  Lydia --

16          MR. CHAIKEN:  Kenneth --

17          MS. ZINKHAN:  -- Zinkhan for the City of Houston

18  also.

19          MR. CHAIKEN:  Oh, apologies, I didn't realize

20  Ms. Zinkhan was there.  Kenneth Chaiken for the Plaintiff.

21          THE COURT:  All right.  And this conference is

22  regarding Docket Number 172 and 180, which are a first and

23  second motions to exclude the testimony of Monica Sussman.

24  I have reviewed them.  I have reviewed the responses.  And

25  what I really want to take up is Docket Number 172, the

4

1  first motion to exclude, because I think that will eliminate

2  really the second motion.

3          So, Mr. Chaiken, if you intend to have Ms. Sussman

4  testify at trial, she needs to be deposed.  Are you --

5          MR. CHAIKEN:  I don't have a problem -- oh, I'm

6  sorry, I'm sorry.

7          THE COURT:  Well, are you intending to have her

8  testify as a witness at trial?

9          MR. CHAIKEN:  I am.  And I don't have a problem

10  with her being deposed.

11          THE COURT:  Well, here's what else I'll say.  If

12  you're intending to bring her -- I mean, look, I've read the

13  letters.  And we all know the history of this case.  Counsel

14  have historically not been able to reach agreements on

15  various issues, and this seems like one that you should be

16  able to reach an agreement on.

17          And so I -- what I want to do is instead of having

18  everybody cast stones, I want to get to the bottom of it and

19  just get it resolved.

20          So, Mr. Chaiken, if you're planning to bring her

21  as a witness at trial, you need to assist in the scheduling

22  of her deposition.  And if that means having, you know,

23  having -- being able to accept service of subpoena or

24  something else, then you need to do that because we're not

25  going to play games where you're going to bring this person

1   as a witness but yet, you know, make it as hard as possible

2   to get her deposed before the discovery cutoff.

3        So let me hear about the -- you know, you're

4   telling me you have no problem having her deposed.  But

5   what's the issue, Mr. Grosdidier, if Mr. Chaiken actually is

6   not opposed to her deposition; what's the issue?

7        MS. GROSDIDIER:  Well, thank you, Judge.  The

8   issue is I've offered any day of the week of April 25th, and

9   I've been told, no, that's not feasible.  And so I've said,

10  okay, well let's slip this into May, and I've been told,

11  well, no, because the cutoff for the discovery is

12  April 29th.

13       And I'm perfectly making -- you know, I think we

14  should make an exception for this deposition.  If it needs

15  to happen in May, it can happen in May.

16       THE COURT:  Mr. Chaiken, what's your response to

17  that?

18       MR. CHAIKEN:  Well, I have two responses.  First,

19  contrary to what's published to the Court, I have been

20  trying to arrange the deposition at Mr. Grosdidier's

21  request.  I don't control the witness.  She has her own

22  counsel.  And three dates have been offered --

23       THE COURT:  Well, hold on, can I stop you there

24  right now --

25       MR. CHAIKEN:  Yeah.

1          THE COURT:  -- just for a second?

2          MR. CHAIKEN:  Yeah.

3          THE COURT:  You're telling me you don't control

4 the witness, this is a witness who's out of subpoena range,

5 and you're telling me you --

6          MR. CHAIKEN:  Right.

7          THE COURT:  -- intend to call her.  So although

8 you don't technically control her, if you intend to call her

9 as a witness, you need to make sure she gets deposed.

10          MR. CHAIKEN:  Okay.  So what I've done is, okay, I

11 have, at the request of Mr. Grosdidier no less, I've talked

12 to her counsel and I've asked them to provide dates on which

13 the witness is available.  Three dates have been provided,

14 all within the time period that Mr. Grosdidier wanted.  They

15 are the 19th, the 20th, and the 21st.

16          We have depositions scheduled on the -- on part of

17 the 19th, which would be a rollover from the start of the

18 deposition.  The 20th, we don't have anything scheduled in

19 this case.  The 21st, we have a deposition in the afternoon.

20          The deposition of Ms. Sussman, at least from my

21 perspective, is going to be a very, very short deposition.

22          Mr. Grosdidier has insisted on two things.  Number

23 one, he wants a deposition during the week of April 25th.  I

24 don't know why he can't do it on a date that the witness has

25 made herself available.

1          He is -- secondly, he's suggested that maybe we

2    move into May, which I don't have a problem doing, it's just

3    we have discovery cutoff.  And if we're giving an exception

4    to the discovery cutoff, that's fine, too.

5          But what it's going to come down to ultimately is

6    a question of where the witness is going to be and where the

7    lawyers are going to be during the deposition.  The witness

8    wants to do a deposition by Zoom, and Mr. Grosdidier insists

9    on it being a live deposition.

10          And so I don't know how the Court can deal with

11   that issue because if he wants a deposition in a manner

12   other than the way the witness is willing to voluntarily

13   give it, then he would have to serve a subpoena.  And, you

14   know, we're trying to make it happen.

15          So I don't know why we couldn't do the deposition

16   on the afternoon of the 19th, some time during the 20th, or

17   some time on the 22nd in the morning.  And I'm even willing

18   to move depositions around that are scheduled on that date

19   -- on two of those dates in this case, if it will

20   accommodate it.  So I'm doing everything I can here.

21          THE COURT:  Why is the witness not -- what's the

22   issue with the week of the 25th?

23          MR. CHAIKEN:  Honestly, Judge, I don't know.  Her

24   lawyer has communicated that she doesn't have availability

25   that week.  Mr. Grosdidier responded, well what about in

1  May, he said I can provide dates in May.  I said, I don't

2  have a problem with that as long as we deal with the

3  discovery cutoff question.  And that's how we've left it.

4          And instead, what Mr. Grosdidier did, was he --

5  you know, he tried to have a subpoena served on -- for the

6  25th.  I don't know what her lack of availability is.

7          I honestly -- I haven't spoken to Ms. Sussman

8  since sometime early in March, at which time we set up her

9  deposition thinking we were going to take it and we were

10  going to need a trial deposition.

11          And since then, largely because communications

12  from Mr. Grosdidier, she has counsel.  And I invited him to

13  participate on today's call, I'll tell you, but he told me

14  that he had a meeting with the mayor of -- I don't know

15  whether he's in Rochester or Buffalo, forgive me, but he's

16  in one of those two places and so he wasn't able to join us.

17  So I don't know --

18          THE COURT:  All right.

19          MR. CHAIKEN:  -- why she's not available the week

20  of the 25th.

21          THE COURT:  All right.  Mr. Grosdidier, what's the

22  issue with April 19, 20, 21, or 22?

23          MR. GROSDIDIER:  Judge, if I may, I want to

24  correct something.  The subpoena was done last -- was

25  attempted last Tuesday, which was before we had any of these

1   conversations.  So it was not like we had discussions and

2   then I subpoenaed.  It was more like --

3          THE COURT:  All right.

4          MR. GROSDIDIER:  -- we're not going to give you

5   dates and so you have to subpoena.  And I did, and they

6   evaded the subpoena.  So there's a little nuance here.

7          On Monday we have a deposition.  On Tuesday I have

8   deposition preparations and I have an important meeting.  On

9   -- excuse me.  On Tuesday, we have deposition, and that's

10  the 19th.  On Wednesday, I have an important meeting and I

11  have deposition preparation for the next day.  And on

12  Thursday, the 21st, I have deposition.

13         And, honestly, I don't want to be tied with just a

14  very short deposition.  I have --

15         THE COURT:  Understood.

16         MR. GROSDIDIER:  -- seven hours --

17         THE COURT:  Understood, understood.  All right.

18  Here's what's going to happen.

19         The -- this deposition is going to be taken.  It

20  is going to be scheduled at the convenience of the witness.

21  The -- it can occur outside the discovery cutoff.  However,

22  this deposition is the only discovery that will take place

23  outside the discovery cutoff.  I am not extending the

24  discovery deadline for any other purpose or reason.

25         As -- what is the -- Mr. Chaiken, why does the

1  witness want this deposition to take place by Zoom?

2          MR. CHAIKEN:  Well, I could tell you what her

3  counsel has told me.  She is afraid of Mr. Grosdidier, who

4  she feels has been harassing and bullying her.  That's all I

5  can tell you.  I'm just reporting.

6          THE COURT:  All right.

7          MR. GROSDIDIER:  Where's the evidence of that,

8  Judge?

9          MR. CHAIKEN:  And I have --

10          THE COURT:  Hold --

11          MR. CHAIKEN:  -- offered not to --

12          THE COURT:  Hold on.

13          MR. CHAIKEN:  I've offered not to be present as

14  well.

15          THE COURT:  Hold on.  She's represented by

16  counsel.  I'm confident that her counsel can protect her to

17  the extent she needs protecting from Mr. Grosdidier.  I am

18  -- that's not a reason not to have a deposition in the

19  normal manner of in-person deposition.

20          If for whatever reason the parties agree to allow

21  her to appear by Zoom, there will be no one present in the

22  room with her.  She will be alone in the room.  Her counsel

23  can be present on Zoom, both of you can be present on Zoom,

24  but there will be no one in the room with her other than a

25  neutral videographer or court reporter, if you are going to

1   have a court reporter/videographer present in the room.

2          I will also state that any chat function or any

3   other type of communication device will not be used during

4   her testimony.

5          Are we clear on the parameters if the deposition

6   has to go forward by Zoom?

7          MR. GROSDIDIER:  I am, Judge.  But does this mean

8   that I cannot have a physical deposition?

9          THE COURT:  I'm not saying you cannot have a

10  physical deposition.  I think if the issue with her wanting

11  not to have an in-person deposition is because she feels

12  bullied, that I am not persuaded by that.  She has -- she's

13  represented by counsel.  She's also an attorney.

14         If she's planning to come to Houston to testify

15  and she's outside subpoena range, she can sit for an in-

16  person deposition.

17         There -- how -- what I'm saying is there could be

18  a situation where someone could come down with COVID or

19  something else, and I don't want the deposition to be put

20  off as a result of that.  So if you and Mr. Chaiken come

21  down with COVID, I want the deposition to go forward to the

22  extent you're able to.  Do it by Zoom.  But I -- those are

23  the parameters for Zoom.

24         She will be in a room, her counsel will not be in

25  the room with her.  You can have a neutral videographer

1  present in the room with her to ensure the integrity of the

2  deposition process.  And she will not be communicating by

3  electronic method with her attorney or anyone else during

4  the deposition.

5          MR. GROSDIDIER:  Understood, Judge, and thank you.

6          THE COURT:  I mean obviously on a break or

7  something she's entitled to speak to her attorney.  But I

8  don't want -- I've had situations come up where people are

9  receiving chat messages during Zoom depositions.  And I am

10  preempting any risk of that by setting these parameters.

11          MR. CHAIKEN:  Well, I mean, Judge, I'm assuming, I

12  mean, I -- I mean, she's not here on this call and so the --

13  you know, the question is, you know, I'll relay what you're

14  saying.  I'm not chatting with her.  I mean, I'm sure her

15  attorney's going to want to communicate with her however he

16  wants to communicate.

17          But I think part of the problem is that -- as well

18  is that -- Mr. Flannigan is her attorney, by the way, Brian

19  -- I think it's Brian Flannigan.

20          So as I understand it, Mr. Grosdidier can take it

21  live.  And Mr. Flannigan has to travel to wherever the

22  witness is or wherever the deposition is being taken, as

23  does -- as do I and as does Mr. Grosdidier.

24          I don't -- I mean, this is a witness that

25  Mr. Grosdidier is simultaneously seeking to exclude

1   altogether.  He doesn't really want her deposition.

2          But, I mean, does the cost of traveling to the

3   witness at this point, have her counsel be there as well,

4   you know, does it militate in favor of requiring a live

5   deposition?

6          And quite honestly, I can't accept a subpoena for

7   her.  So, I mean, and I can't waive her position on wanting

8   a subpoena.  So --

9          THE COURT:  Agreed, agreed.

10         MR. CHAIKEN:  -- what am I supposed to --

11         THE COURT:  I agree you can't accept a subpoena

12  for her.  But if she's going to voluntarily come and testify

13  at trial, she's going to be deposed.  And if she's going to

14  come --

15         MR. CHAIKEN:  No, I get it.

16         THE COURT:  -- and voluntarily testify at trial,

17  I'm saying that Mr. Grosdidier is entitled to depose her.

18  And but prior to COVID, those depositions occurred in-

19  person.

20         Everybody can travel to D.C. where the witness is

21  located.  She has chose an attorney, an attorney who's not

22  located in her city.  That's her choice, that's her

23  obligation.

24         If she doesn't want to be deposed, she won't come

25  and testify at trial.  That's pretty simple.

1           MR. CHAIKEN:  Well, I -- it's not that she doesn't

2   want to be deposed.  It's just that I'm just reporting what

3   her lawyer has offered.  Her lawyer's offered dates and he's

4   offered to accept a subpoena, but they want it done by Zoom,

5   okay?

6           I mean, I guess can they -- you know, can they

7   file a, you know, a -- I mean, I guess if they accept a --

8   I guess if they accept service, they can rely on Rule 45.

9           I mean, I'm just -- my concern is I don't control

10  this lady.  I want -- I don't even know at this point, given

11  a number of other things that are happening in the case,

12  whether her testimony is even going to be needed.  I'm just

13  trying to -- I'm trying to help, you know, get it done.

14          I just think to require it to happen live -- this

15  is what I expect is going to happen, okay?  Mr. Grosdidier's

16  going to have to serve a subpoena, okay, because I can't

17  accept it.  So I don't know whether witness will accept it,

18  not accept it --

19          THE COURT:  Well, are you telling me her counsel's

20  not going to accept a subpoena on her behalf?

21          MR. CHAIKEN:  No.  I said they'll accept a

22  subpoena for a Zoom deposition.  But my concern is, is that

23  for whatever reason that they want a Zoom deposition, okay,

24  if there is a subpoena for some other deposition, okay,

25  they're going to go -- and they can, I guess, rely on Rule

1   45 and they can go quash it.  And Rule 45 provides that the

2   Court, where compliance is required, you know, controls the

3   parameters of the deposition.

4         And I'm just trying to be mindful of the

5   overriding requirement of Rule 45, which is that witnesses

6   should not suffer undue burden and expense.  And thus far,

7   man, this witness is incurring a lot of burden and expense.

8         But, you know, I don't have a problem with her

9   being deposed.  I don't care of it's live or, you know, or

10  by Zoom.  But her counsel, okay, has said and will only

11  agree to do it by Zoom so --

12         THE COURT:  Mr. Chaiken, I cannot prevent her

13  counsel from filing a motion in the District of Columbia to

14  try to quash a subpoena.

15         What I am telling you is if this witness is going

16  to testify at trial, meaning voluntarily get on a plane,

17  come to Houston, and testify at your request, because she's

18  outside subpoena range, then Mr. Grosdidier is entitled to

19  depose her.

20         And I'm saying he's entitled to depose her in

21  person, barring one of you coming down with COVID and the

22  deposition being unable to go forward because of that.

23         If her counsel quashes the deposition, then I

24  guess she's not going to testify at trial.  It seems --

25         MR. CHAIKEN:  Well, I --

1          THE COURT:  -- pretty simple to me.

2          MR. CHAIKEN:  I think I -- well, I understand it.

3 But what you're really saying is, is that you're forcing me

4 to accept a subpoena for her.  And I'm --

5          THE COURT:  No.  I'm --

6          MR. CHAIKEN:  -- just not authorized to do that.

7          THE COURT:  No.  I am in no way forcing you to

8 accept a subpoena for her.  Mr. Grosdidier can send the

9 subpoena to her counsel.

10          MR. CHAIKEN:  That's fine.  Whether that --

11 whether they accept it as appropriate service is --

12          THE COURT:  This is a have your --

13          MR. CHAIKEN:  So --

14          THE COURT:  -- cake and eat it --

15          MR. CHAIKEN:  I understand what you're saying

16 today.  I understand what --

17          THE COURT:  Okay.

18          MR. CHAIKEN:  -- you're saying today.  Okay.  I'm

19 just -- you're -- I'm being put in a box that I can't

20 control.  But that's fine, I get it.

21          THE COURT:  I don't understand why this witness is

22 willing to come testify when she's not in subpoena range but

23 she's not willing to sit for a deposition.

24          MR. CHAIKEN:  She is willing to sit for a

25 deposition.  She just wants to do it by Zoom.  That's the

1   only issue.

2           And every witness that Mr. Grosdidier has insisted

3   we depose by Zoom, we have deposed by Zoom, even when we've

4   wanted to take depositions live.  So I'm just -- I'm, you

5   know, -- every single one of them.  I -- there have been

6   witnesses that I preferred to depose live but I've been

7   asked to do it by Zoom, I've done it by Zoom.

8           MR. GROSDIDIER:  Judge, if I may say --

9           MR. CHAIKEN:  Including (indiscernible).

10          THE COURT:  Yes, Mr. Grosdidier.

11          MR. GROSDIDIER:  I have an email from Mr. Chaiken

12  who insists on being present physically in the room with the

13  witness during the deposition.  So --

14          THE COURT:  I know.  But I think he's changed his

15  position on that since writing that email, correct?

16          MR. CHAIKEN:  I've already said I'm not going to

17  be there.

18          THE COURT:  Yeah.  All right.  Let's do this.  If

19  her counsel -- look, serve the subpoena on her counsel.  If

20  her counsel has an issue with the subpoena, I welcome him to

21  file a letter with this Court.  Obviously he's entitled to

22  seek relief in the jurisdiction where the witness is.

23  That's what the rules provide for.  He's certainly entitled

24  to that.

25          I am also saying that I believe the rules also

1    might allow him to file something here.  But I will accept a

2    -- I will accept and entertain a letter from him which gives

3    me, you know, in which he discusses the issue between a Zoom

4    and a live deposition.  And if we have to have a telephone

5    conference on that, I will do it.  But --

6                MR. CHAIKEN:  I will inform him of that, yes.

7                THE COURT:  She's going to be deposed or she's not

8    going to testify.

9                MR. CHAIKEN:  And, Judge, I just -- I'm saying it

10   again because I'm trying not to -- I'm just concerned, I

11   don't want anybody to say I waived -- I don't care if she's

12   deposed.  I want her to be deposed, you know, under these

13   circumstances.  He has a right to depose her.

14               All I am reporting to you is that she doesn't want

15   to be deposed live.  And as a result of that, I have said I

16   will be available whenever she is.  I won't be there and I

17   propose that Mr. Grosdidier not be there.

18               And the Court has already said if it's a Zoom

19   deposition, there are other parameters, which I have no

20   problem with.

21               I just don't understand why we're forcing a live

22   deposition of a witness whose testimony is more than likely

23   going to take no more than 30 or 40 minutes at great cost

24   and expense to everybody concerned.  And that is what my --

25   is what I am trying to communicate here, maybe not as

1    effectively as I am trying to.

2            THE COURT:  Well, for the --

3            MR. CHAIKEN:  Why can't we just do it by Zoom and

4    get it done?

5            THE COURT:  For the state of the Record, they're

6    all live depositions.  You're talking about the difference

7    between an in-person deposition and a video Zoom deposition

8    or videoconference deposition.

9            And, look, we all did in-person depositions prior

10   to COVID.  And there are people who believe there is a

11   substantive difference between their ability to get a good

12   deposition in-person versus by Zoom.

13           So subpoena the witness, serve the subpoena on her

14   counsel.  If her counsel wants to take up the issue of Zoom

15   versus in-person, I will entertain a letter from him and

16   we'll have a telephone call about it.  And, --

17           MR. CHAIKEN:  Okay.  Well, --

18           THE COURT:  -- Mr. Grosdidier, you may -- I don't

19   know what the Court in D.C., I don't know what their local

20   rules are or anything else about Zoom depositions.  But,

21   Mr. Grosdidier, it may come down to whether or not you want

22   to agree to a Zoom deposition or take the risk that the

23   Court in D.C. quashes the notice.  So that's where we are.

24           I think it's -- I think we're -- we've resolved

25   the issues.  But tell me if you're -- if there's something

1    else we haven't covered.

2              MR. CHAIKEN:  Well, no, I just -- on this point,

3    because this is the first time we've really discussed the

4    Zoom versus live deposition issue, we have some depositions

5    noticed next week of Neal Rackleff (phonetic), and then we

6    have another deposition noticed after that for a gentleman

7    by the name of Mr. Bass, Jack Bass (phonetic).  I want to

8    take their depositions live.  If this is how we're going to

9    do it, then I want their depositions live.

10             I also want the City's Rule 30(b)(6) witnesses

11   live.  I've been told I have to take them by Zoom.  I want

12   them live.  If this is what we're doing, --

13             THE COURT:  Mr. Grosdidier, it's the goose/gander

14   rule.  What's your objection to him taking those depositions

15   in-person as opposed to on Zoom?

16             MR. GROSDIDIER:  Well, I'm going to have to look

17   into that because one witness is in the boondocks so it

18   would be a travel --

19             THE COURT:  Well, --

20             MR. GROSDIDIER:  -- issue to his place.  But, --

21             THE COURT:  If --

22             MR. GROSDIDIER:  -- I mean, if he wants to make

23   him live, we can make him live.

24             THE COURT:  There's a travel issue to D.C. also

25   for her counsel and for both of you.  So, look, --

1          MR. GROSDIDIER:  Yeah, if he wants to do it, I'll

2    make the arrangements.

3          THE COURT:  All right.  If you want your

4    depositions in-person, Mr. Chaiken, you can take them in-

5    person.

6          MR. CHAIKEN:  Great.  Well, I'd like

7    Mr. Grosdidier to give me a location for the depositions of

8    the Rule 30(b)(6) witnesses that --

9          THE COURT:  You all can --

10         MR. CHAIKEN:  -- we have scheduled for --

11         THE COURT:  You all can do that when I'm not on

12   the telephone.

13         MR. CHAIKEN:  Sure, okay, fair enough.

14         THE COURT:  All right.  Anything else?

15         MR. CHAIKEN:  Nothing I have.

16         MR. GROSDIDIER:  That's what I have.  Thank you,

17   Judge.

18         THE COURT:  All right.  So I'm -- what am I doing

19   on these motions?  I am -- I guess I am -- well, I'm denying

20   the second motion without prejudice to the issues being

21   raised before Judge Miller, you know, at the time of trial.

22         As to the first motion to exclude, I am not -- I

23   guess I'm denying it.  I am not excluding her testimony.

24   But if she is going to voluntarily appear and testify at

25   trial, she must be deposed.  So I'm denying 172 but ordering

1   that the witness be deposed if -- and that if Mr. Chaiken --

2   if the deposition does not go forward, Mr. Chaiken will not

3   be able to bring her to testify.

4          So I have to figure out exactly the procedural way

5   to deal with these motions, --

6          MR. CHAIKEN:  I understand.

7          THE COURT:  -- but that's where we are.  All

8   right.  Thank you, everyone.

9          MR. CHAIKEN:  Can I -- one point of clarity, can I

10  get one point of clarity, Judge?

11         THE COURT:  Yes.

12         MR. CHAIKEN:  Forgive me, okay, because I don't

13  have this stuff pulled up right now.  But you're referring

14  to a first and second motion to exclude.  What is the docket

15  number of the second motion that I think you just said you

16  were denying?

17         THE COURT:  Document Number 180.  It's a motion to

18  exclude her based on the fact that she's really an expert.

19  And I'm not going to take that up because I don't know what

20  she's going to say or what she's going to testify about.

21         MR. CHAIKEN:  Fair enough.  I just wanted to make

22  sure I knew that so that I don't have to respond to it so --

23  I have not -- I haven't responded to it yet so -- but you're

24  denying it so I won't have to respond.  And I --

25         THE COURT:  I'm --

1        MR. CHAIKEN:  -- appreciate the clarity.

2        THE COURT:  -- denying it without prejudice to,

3  you know, some sort of future motion if it turns out she

4  does give expert testimony.

5        MR. CHAIKEN:  My -- I understand what you're

6  saying.  I just wanted to make sure I knew which one you

7  were talking about.

8        THE COURT:  Got you.

9        MR. CHAIKEN:  So forgive me for asking.

10       THE COURT:  Okay.  No problem.

11       MR. CHAIKEN:  I just needed the -- okay.

12       THE COURT:  No problem.  Okay.  I think we're

13  ready.

14       And my understanding is that Judge Miller has now

15  referred this case for all purposes; is that correct?

16       MR. CHAIKEN:  I saw an order to that and I just --

17  since you're raising it, does -- I think the order -- does

18  the order require consent of both parties, though, for you

19  to try the case?  I don't -- I'm not -- I just want to know

20  what the --

21       THE COURT:  Yeah.  So let me --

22       MR. CHAIKEN:  -- requirements are.

23       THE COURT:  Yeah, let me explain.  Initially the

24  case was referred to me for a particular discovery dispute.

25       MR. CHAIKEN:  Yes.

1          THE COURT:  And we handled that discovery dispute.
2    And then after that I guess you all had another discovery
3    dispute.  And at that point Judge Miller said, the whole
4    case is going to Judge Bryan for pretrial management.  So
5    that's the referral referring the case for pretrial
6    management.
7          If the parties consent to trying the case before
8    me, both parties have to consent, then the case would be
9    before me for all purposes.  But right now the case is
10   before me for pretrial management.  And it would go back to
11   Judge Miller for trial.
12         MR. CHAIKEN:  Understand.  So may I ask one
13   question just so I understand the parameters?
14         THE COURT:  Sure.
15         MR. CHAIKEN:  Because I have to obviously report
16   to the client on this.  So for pretrial management, does
17   that mean that if there was consent of the parties, you
18   would then also deal with dispositive motions or are you
19   just dealing with them in any event?
20         THE COURT:  I'm going to -- unfortunately for me
21   I'm going to be dealing with them in any event because he is
22   -- it is my understanding, and if my law clerk's on the
23   line, I may ask him to tell me whether I'm correct, it's my
24   understanding that the case is referred for all pretrial
25   matters, which would include dispositive motions.  Is that

1    correct, Mr. Wahrenbrock (phonetic)?

2              MR. WAHRENBROCK:  Yes, that's correct.

3              THE COURT:  All right.  So, yes, I will be

4    handling --

5              MR. CHAIKEN:  Okay.

6              THE COURT:  -- the dispositive motions also.

7              MR. CHAIKEN:  Okay.  And so -- all right.  So

8    you're handling all dispositive -- and so just last

9    question, just so I can get this right.  I don't want to

10   mess up anything here.

11             So when a dispositive motion is considered by you,

12   if there is no consent -- no mutual consent, I'm sorry, to

13   trying the case as well, then do you report to the -- make a

14   recommendation or do you actually rule on the motion if

15   there hasn't been --

16             THE COURT:  For --

17             MR. CHAIKEN:  -- full referral.

18             THE COURT:  For dispositive motions, if there's no

19   consent for me to have total jurisdiction of the case,

20   meaning no consent to try the case before me, my rulings on

21   dispositive motions are by memorandum and recommendation

22   which are then reviewed by the District Court and either

23   adopted, rejected, or adopted in part or rejected in part,

24   some, you know, some option like that.

25             MR. CHAIKEN:  Yeah, okay, all right.  I just want

1  to make sure I understand what the landscape looks like both

2  ways so that we can obviously make a fully informed decision

3  on that.  So --

4           THE COURT:  Yes.

5           MR. CHAIKEN:  -- okay, great.  Okay.

6           THE COURT:  Think of the consent as --

7           MR. CHAIKEN:  All right.  Well, thank you for the

8  -- okay, I'm sorry.

9           THE COURT:  Think of the consent as just granting

10  full Federal Court jurisdiction to me to try the case as an

11  Article Three judge would.  And if you don't consent, then

12  everything that is normally -- all of the normal rules of

13  referrals apply, meaning magistrate judges issue orders on

14  any issue that is not dispositive and issue recommendations

15  on issues that are dispositive.

16           MR. CHAIKEN:  Understood.

17           THE COURT:  Okay?

18           MR. CHAIKEN:  Got it.

19           THE COURT:  Great.

20           MR. CHAIKEN:  Yeah, perfect.  My only concern is,

21  is your comment you said, unfortunately for you.

22           THE COURT:  I was trying to be funny.

23           MR. CHAIKEN:  No, I know you were, Judge, and I

24  was trying to be funny when I said it so --

25           THE COURT:  The only part of the unfortunate is

1  that I just -- I have a lot of work so this is just

2  additional work.  But, no, I should not have said that.  It

3  was a joke and it was in poor taste.

4          MR. CHAIKEN:  No, no, it was not, and it's fine.

5  And I just -- I was trying to -- I was just trying to add a

6  giggle to the -- to an otherwise giggle-less process here.

7  So --

8          THE COURT:  Thank you.  I appreciate that.

9          MR. CHAIKEN:  Okay.

10          THE COURT:  All right.  If you have any other

11  issues, file a letter like we, you know, in accordance with

12  Judge Miller's procedures, and we will take care of them.

13          MR. GROSDIDIER:  Yes, Judge, --

14          MR. CHAIKEN:  Very well.

15          MR. GROSDIDIER:  -- thank you for your time.

16          THE COURT:  Thank you, everyone.  Have a good day.

17      (Proceedings adjourned at 10:29 a.m.)

18                    * * * * *

19          *I certify that the foregoing is a correct*

20  *transcript to the best of my ability due to the condition of*

21  *the electronic sound recording of the ZOOM/video/telephonic*

22  *proceedings in the above-entitled matter.*

23  */S/ MARY D. HENRY*

24  *CERTIFIED BY THE AMERICAN ASSOCIATION OF*
   *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*
25  *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*
   *JTT TRANSCRIPT #65648          DATE FILED:  APRIL 27, 2022*