**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DM ARBOR COURT, LTD.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No.: 4:18-cv-01884** |
| | § | |
| **CITY OF HOUSTON, TEXAS,** | § | |
| | § | |
| *Defendant.* | § | |

**CITY OF HOUSTON'S RESPONSE TO**
**DM ARBOR COURT, LTD.'S MOTION FOR STATUS CONFERENCE**

To provide the Court with additional relevant information prior to the status conference set by the Court for May 6, 2026, at 10:00 a.m., at DMAC's request, (Doc. No. 369), the City responds to DMAC's motion for status conference as follows:

DMAC's motion states that the City's expert has disclosed "new and/or amended opinions" in a supplemental letter dated April 16, 2026. *See* Doc. No. 366 at ¶ 5. The City respectfully disagrees. The supplemental letter narrows the City's expert's opinions to two value opinions, disclosed just over four years ago as part of a larger set of eighteen value opinions under a variety of scenarios as of various dates. These two opinions, and the data underlying them, are unchanged in the supplemental letter from what Mr. Torzewski disclosed in his prior report in 2022, and testified to at trial in 2023.[1]

As background: the City's retained testifying expert on valuation, Joseph Torzewski, prepared an expert report issued January 6, 2022. *See* Exhibit 1, Stout Report dated Jan. 6, 2022. This report was an exhibit at the February 2023 bench trial with Judge Ellison, and Mr. Torzewski

---

[1] *Compare* Ex. 1, pp. 110-117 (July 17, 2018 Valuation Date – Without HAP Contract, Entire Complex) with Ex. 2, pp. 2-7 (same analysis, same data, same value conclusion of $6,174,109); Ex. 1, pp. 48-51 (land value only as of July 17, 2018) with Ex. 2, pp. 7-9 (same analysis, same data, same value conclusion of $1,070,000).

1

testified to its contents on day 3 of that trial (Mr. Torzewski had not previously been deposed). The report included market value conclusions for the Arbor Court property as of a variety of dates, under various scenarios and conditions. *See* Ex. 1, at p. ii. Two of his conclusions valued the apartment complex without the HAP contract as of July 17, 2018 ($6,174,109), and valued the underlying land only as of that same date ($1,070,000). *Id.* (at lines 9 and 12 of the chart on p. ii):

**Summary of Market Value Conclusions**

| | Premise | Interest Appraised | Valuation Date | Scenario | Market Value Conclusion |
|---|---|---|---|---|---|
| 1 | Market Value | Fee Simple | August 15, 2017 | Underlying Land | $1,030,000 |
| 2 | Market Value | Leased Fee | August 15, 2017 | With HAP Contract, Entire Complex | $18,000,000 |
| 3 | Market Value | Leased Fee | August 15, 2017 | Without HAP Contract, Entire Complex | $12,100,000 |
| 4 | Market Value | Fee Simple | October 6, 2017 | Underlying Land | $1,030,000 |
| 5 | Market Value | Leased Fee | October 6, 2017 | With HAP Contract, Entire Complex | $13,154,109 |
| 6 | Market Value | Leased Fee | October 6, 2017 | With HAP Contract, Upper Floor Only | $6,700,000 |
| 7 | Market Value | Leased Fee | October 6, 2017 | Without HAP Contract, Entire Complex | $7,364,109 |
| 8 | Market Value | Leased Fee | October 6, 2017 | Without HAP Contract, Upper Floor Only | $3,700,000 |
| 9 | Market Value | Fee Simple | July 17, 2018 | Underlying Land | $1,070,000 |
| 10 | Market Value | Leased Fee | July 17, 2018 | With HAP Contract, Entire Complex | $12,354,109 |
| 11 | Market Value | Leased Fee | July 17, 2018 | With HAP Contract, Upper Floor Only | $5,900,000 |
| 12 | Market Value | Leased Fee | July 17, 2018 | Without HAP Contract, Entire Complex | $6,174,109 |
| 13 | Market Value | Leased Fee | July 17, 2018 | Without HAP Contract, Upper Floor Only | $2,700,000 |
| 14 | Market Value | Fee Simple | October 18, 2018 | Underlying Land | $1,070,000 |
| 15 | Market Value | Leased Fee | October 18, 2018 | With HAP Contract, Entire Complex | $12,944,109 |
| 16 | Market Value | Leased Fee | October 18, 2018 | With HAP Contract, Upper Floor Only | $6,200,000 |
| 17 | Market Value | Leased Fee | October 18, 2018 | Without HAP Contract, Entire Complex | $6,174,109 |
| 18 | Market Value | Leased Fee | October 18, 2018 | Without HAP Contract, Upper Floor Only | $2,700,000 |

Following trial, DMAC appealed the trial court's determination that no taking had occurred. On appeal, the Fifth Circuit confirmed (1) that the City's July 17, 2018 permit denial deprived DMAC's owners of all economically viable use of the property and therefore effected a taking as of that date; and (2) that the HAP contract under which Arbor Court operated was a "separate and distinct property interest." *DM Arbor Court, Ltd. v. City of Houston*, 150 F.4th 418, 424 n. 5 (5th Cir. 2025).

So, on remand, Mr. Torzewski narrowed the scope of his eighteen prior value conclusions to just two. *See* Ex. 2, Supplemental Letter dated April 16, 2026; *DM Arbor Court, Ltd. v. City of*

*Houston*, 150 F.4th 418 (5th Cir. 2025).[2] Mr. Torzewski now opines only to the market value of the apartment complex without the HAP contract as of the date-of-take, July 17, 2018; and the market value of the underlying land only, as of that same date. *See* Ex. 2. His other value opinions either included the value of the HAP contract, were not of the whole complex, or valued the property as of dates other than the relevant date, so Mr. Torzewski omitted those value conclusions from his supplemental letter. *See* Ex. 2, p. 10 ("This supplemental letter is prepared in response to the 5th Circuit Court's findings and is meant to streamline our conclusions from our original report, as the original report contained numerous valuations under a variety of scenarios as of multiple valuation dates."):

### Summary of Market Value Conclusions

| | Premise | Interest Appraised | Valuation Date | Scenario | Market Value Conclusion |
|---|---|---|---|---|---|
| 1 | Market Value | Fee Simple | August 15, 2017 | Underlying Land | $1,030,000 |
| 2 | Market Value | Leased Fee | August 15, 2017 | With HAP Contract, Entire Complex | $18,000,000 |
| 3 | Market Value | Leased Fee | August 15, 2017 | Without HAP Contract, Entire Complex | $12,100,000 |
| 4 | Market Value | Fee Simple | October 6, 2017 | Underlying Land | $1,030,000 |
| 5 | Market Value | Leased Fee | October 6, 2017 | With HAP Contract, Entire Complex | $13,154,109 |
| 6 | Market Value | Leased Fee | October 6, 2017 | With HAP Contract, Upper Floor Only | $6,700,000 |
| 7 | Market Value | Leased Fee | October 6, 2017 | Without HAP Contract, Entire Complex | $7,364,109 |
| 8 | Market Value | Leased Fee | October 6, 2017 | Without HAP Contract, Upper Floor Only | $3,700,000 |
| 9 | Market Value | Fee Simple | July 17, 2018 | Underlying Land | $1,070,000 |
| 10 | Market Value | Leased Fee | July 17, 2018 | With HAP Contract, Entire Complex | $12,354,109 |
| 11 | Market Value | Leased Fee | July 17, 2018 | With HAP Contract, Upper Floor Only | $5,900,000 |
| 12 | Market Value | Leased Fee | July 17, 2018 | Without HAP Contract, Entire Complex | $6,174,109 |
| 13 | Market Value | Leased Fee | July 17, 2018 | Without HAP Contract, Upper Floor Only | $2,700,000 |
| 14 | Market Value | Fee Simple | October 18, 2018 | Underlying Land | $1,070,000 |
| 15 | Market Value | Leased Fee | October 18, 2018 | With HAP Contract, Entire Complex | $12,944,109 |
| 16 | Market Value | Leased Fee | October 18, 2018 | With HAP Contract, Upper Floor Only | $6,200,000 |
| 17 | Market Value | Leased Fee | October 18, 2018 | Without HAP Contract, Entire Complex | $6,174,109 |
| 18 | Market Value | Leased Fee | October 18, 2018 | Without HAP Contract, Upper Floor Only | $2,700,000 |

---

[2] The City served the supplemental letter on April 21, 2026. The version of the letter served on April 21, 2026 included a demonstrative location map for certain comparable sales that did not match the underlying data (which was the same underlying data as shared in Mr. Torzewski's 2022 report). The City re-served a corrected version of the letter, which updated that map to match the underlying data, on April 27, 2026. That version of the letter is attached as Exhibit 2.

It is therefore not accurate to characterize Mr. Torzewski's value conclusions, as outlined in the supplemental letter, as "new and/or amended." Rather, his supplemental letter narrows his opinions to only the market value of the apartment complex before the taking, and the market value of the underlying land after the taking, as of the relevant date of July 17, 2018 when the Fifth Circuit found the taking occurred. *See Horne v. Dep't of Agriculture*, 576 U.S. 350, 369 (2015) ("The Court has repeatedly held that just compensation normally is to be measured by the market value of the property at the time of the taking.") (quotations and citations omitted).

To the extent the Court requires it, Mr. Torzewski can testify to *all* opinions expressed in his prior report, which includes the same two opinions expressed in his supplemental letter. But that would be inefficient and, considering the Fifth Circuit's instructions, largely irrelevant.

*-signatures follow-*

4

Dated May 5, 2026                    Respectfully submitted,


                              By:      /s/ Ben Stephens
                                       Ben Stephens
                                       State Bar No. 24098472
                                       Ben.Stephens@huschblackwell.com
                                       Kate David
                                       State Bar No. 24045749
                                       Kate.David@huschblackwell.com
                                       Nick Stepp
                                       State Bar No. 24077701
                                       Nick.Stepp@huschblackwell.com
                                       **HUSCH BLACKWELL LLP**
                                       600 Travis Street, Suite 2350
                                       Houston, Texas 77002
                                       T (713) 647-6800
                                       F (713) 647-6884

                                       /s/ Kenneth Soh
                                       Kenneth Soh
                                       Senior Assistant City Attorney
                                       State Bar No. 00794670
                                       **City of Houston Legal Department**
                                       900 Bagby, 4th Floor
                                       Houston, Texas 77002
                                       T (832) 393-6475
                                       F (832) 393-6259
                                       Kenneth.Soh@houstontx.gov

                              **ATTORNEYS FOR THE CITY**

                     **<u>CERTIFICATE OF SERVICE</u>**

        The undersigned hereby certifies that a copy of the foregoing was electronically served on

all parties having appeared in this matter via the CM/ECF Filing system on May 5, 2026.


                                       /s/ Ben Stephens
                                       Ben Stephens